IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH GILBERT MIRANDA,

    Petitioner,               No. CIV-S-02-2277 MCE KJM P

    vs.

TOM L. CAREY,

    Respondent.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner stands convicted of possession of methamphetamine.  He is currently serving a sentence of twenty-five years-to-life imprisonment in the California Department of Corrections.  The sentence was imposed under California's "Three Strikes Law."  Petitioner challenges his conviction on jury instructional grounds and his "Three Strikes" sentence.

I. <u>Background</u>

        Petitioner was convicted and sentenced in the Superior Court of Sacramento County.  Petitioner appealed his conviction and sentence to the California Court of Appeal.  Am. Pet., Ex. A.  The Court of Appeal affirmed.  Answer, Ex. B at 23.  Petitioner sought review of the Court of Appeal's decision in the California Supreme Court.  Answer, Ex. C.  Petitioner's

1

request for review was denied without comment.  Answer, Ex. D.  Both of the claims presented in this action were presented to the California Court of Appeal and California Supreme Court on direct appeal.

II. Standards For Granting Habeas Relief

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  Federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").  See Ramirez v. Castro, 365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).[1]  Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d).  Lockyer, 538 U.S. at 71 (overruling Van Tran v.

---

[1] In Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals held in a § 2254 action that "any independent opinions we offer on the merits of constitutional claims will have no determinative effect in the case before us . . . At best, it is constitutional dicta."  However, to the extent Bell stands for the proposition that a § 2254 petitioner may obtain relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees.  Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief.  See Lockyer, 538 U.S. at 70-71; Ramirez, 365 F.3d at 773-75.

1  Lindsey, 212 F.3d 1143, 1154-55 (9th Cir. 2000) in which the Ninth Circuit required district
2  courts to review state court decisions for error before determining whether relief is precluded by
3  § 2254(d)).  It is the habeas petitioner's burden to show he is not precluded from obtaining relief
4  by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003).  Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  In other
/////

words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

III. Arguments and Analysis

A. Jury Instructional Error (CALJIC No. 17.41.1)

Petitioner's first claim is that the trial court violated petitioner's right to a fair trial by instructing jurors with CALJIC No. 17.41.1 as follows:

> The integrity of the trial requires that jurors at all times during deliberations conduct themselves as required by these instructions. Accordingly, should it occur that any juror refuses to deliberate or express [sic] an intention to disregard the law or to decide the case based on penalty or punishment or any other improper basis, it is the obligation of the other jurors to immediately advise the Court of the situation.

RT 250:27-251:7; CT 77. Petitioner claims that the mere giving of this instruction

> places an improper chilling effect on juror deliberations by allowing unacceptable judicial involvement which assists the majority jurors in imposing their will on the minority; impermissibly infringes on the power of jury nullification; and denies a defendant the right to juror unanimity and a fair trial by jury.

Am. Pet. at 5 & Ex. A at 5-23.

Claims of error in state jury instructions generally are a matter of state law and do not invoke a constitutional question unless the error amounts to a deprivation of due process. Hayes v. Woodford, 301 F.3d 1054, 1086 (9th Cir. 2002). A deprivation of due process occurs if a jury instruction deprives a criminal defendant of a fair trial. See Dunckhurst v. Deeds, 859 F.2d 110, 114 (9th Cir. 1988).

The Court of Appeal, in a thoroughgoing discourse, found that petitioner's due process rights were not violated by the giving of CALJIC No. 17.41.1. Answer, Ex. B at 2-12.

4

In <u>Brewer v. Hall</u>, 378 F.3d 952, 955-56 (9th Cir.), <u>cert</u>. <u>denied</u>, 543 U.S. 1037 (2004), the Ninth Circuit Court of Appeals found that, where the California Court of Appeal had issued a reasoned opinion with respect to a due process challenge to CALJIC No. 17.41.1, federal habeas relief was precluded by 28 U.S.C. § 2254(a)(1) because "no Supreme Court case establishes that an instruction such as CALJIC No. 17.41.1 violates an existing constitutional right." The Supreme Court still has not spoken with respect to a jury instruction similar to CALJIC No. 17.41.1. Therefore, this court is precluded by 28 U.S.C. § 2254(d)(1) and <u>Brewer</u> from granting habeas relief on petitioner's first claim.

B. <u>Sentence</u>

Petitioner claims his sentence of twenty-five years-to-life imprisonment constitutes cruel and unusual punishment. The California Court of Appeal addressed this claim as follows:

> The Eighth Amendment "forbids only extreme sentences that are grossly disproportionate to the crime." (*People v. Cartwright* (1995) 39 Cal.App.4th 1123, 1135 [internal quotations omitted].) In *Solem v. Helm* (1983) 463 U.S. 277 [77 L.Ed.2d 637], the United States Supreme Court held that a term of life without possibility of parole for a seventh nonviolent felony was unconstitutional because it was "significantly disproportionate to his crime[.]" (*Id*. at p.303 [707 L.Ed.2d at pp. 657-658.) Helm's crime was passing a $100 no-account check, and his prior convictions were for three counts of third degree burglary, obtaining money under false pretenses, grand larceny, and third-offense driving while intoxicated. (*Id*. at pp. 279-280 [77 L.Ed.2d at pp. 642-643].)
>
> Defendant's prior record is more egregious than Helm's was because it includes two convictions of robbery, a violent felony. (Pen. Code, §§ 211, 667.5 subd. (c) (9).) And defendant's sentence is less severe than Helm's was because it does not preclude the possibility of parole.
>
> In *Harmelin v. Michigan* (1991) 501 U.S. 957 [115 L.Ed.2d 836], decided eight years after *Solem v. Helm, supra*, 463 U.S. 277 [77 L.Ed.2d 637], the United States Supreme Court held that a sentence of life without the possibility of parole for possessing 672 grams of cocaine was not cruel and unusual punishment. (*Harmelin v. Michigan, supra*, 501 U.S. at pp. 965, 994-996 [115 L.Ed.2d at pp. 846, 864-865] (lead opn. of Scalia, J., in which

5

> Rehnquist, C.J., joined); *id*. at pp. 996-997, 1008-1009 [115 L.Ed.2d at pp. 866, 874 (conc. opn. of Kennedy, J., in which O'Connor and Souter, JJ., joined.)
>
> Here, defendant is not being punished merely for possessing .35 grams of methamphetamine; rather he is being punished for reoffending following three robbery convictions, three forgery convictions, two burglary convictions and six misdemeanor convictions during a 38-year life of crime. A term of 25 years to life is not cruel and unusual punishment under the federal Constitution for a recidivist with six state prison commitments. (See *Rummel v. Estelle* (1980) 445 U.S. 263 [63 L.Ed.2d 382] [upheld life sentence for a nonviolent recidivist convicted of obtaining $120.75 by false pretenses.)

Answer, Ex. B at 19-20.

In Lockyer, the Supreme Court identified the case law and general principles previously handed down by that court, which guided an analysis of whether a particular sentence is disproportionate to an offense in violation of the Eighth Amendment at the time petitioner's sentence was reviewed by the California Court of Appeal and California Supreme Court. Lockyer, 538 U.S. at 71-75. The laws identified by the Court of Appeal and the manner in which those laws were applied by the Court of Appeal are consistent with the Lockyer decision and the other Supreme Court authority cited therein.

Additionally, the Court of Appeal's decision that petitioner's sentence is not grossly disproportionate to his offense was not based upon an unreasonable determination of the facts. Petitioner's probation report reveals a criminal past more sobering than the one presented in the Solem v. Helm opinion cited by the Court of Appeal. CT 87-90. Petitioner's lengthy criminal history includes the following prior serious felonies: (1) robbing two victims at gunpoint in 1964, (2) robbing victims with a cap gun at a restaurant in 1971, (3) committing two separate robberies at a gas station while armed with a gun in 1980, and (4) committing burglary at a residence in 1988.

The Court of Appeal's decision was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court

of the United States. For the foregoing reasons, the court is barred by 28 U.S.C. § 2254(a) from granting petitioner relief on his Eighth Amendment claim.

IV. <u>Conclusion</u>

       For the foregoing reasons, the court will recommend that petitioner's application for writ of habeas corpus be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 27, 2006.

                                             UNITED STATES MAGISTRATE JUDGE

---

1  
mira2277.157